IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| TOM WALTER | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEERE AND COMPANY | ) | |
| (JOHN DEEREHARVESTERWORKS), | ) | Civil Action No. __4:12-CV-04034__ |
| A Deleware Corporation, | ) | |
| | ) | |
|     Defendant. | ) | |

### RESISTANCE TO MOTION TO DISMISS

### AMENDED COMPLAINT

NOW COMES the plaintiff, TOM WALTER, by and through his attorneys, AMES LAW OFFICES, by attorney STEVEN C. AMES, and for his Ressistance to Motion to Dismiss Amended Complaint against defendant, DEERE AND COMPANY (JOHN DEERE HARVESTER WORKS), A Delaware Corporation, states as follows:

### ARGUMENT

1. The Statute of Limitation, Exhaustion of Internal Remedies, and lack of unfair or bad faith conduct by the Union arguments of defendant each turn on the same set of facts, and will be discussed together below.

2. Defendant avers the Section 301 six (6) month statute of limitation had run by the time he filed suit, some two years after Mr. Walter was given the impression by the Union representative that he had no further rights to challenge the amount given to him by Deere to make him 'whole'. However, the 6 month statute of limitation period never began to run, because finality of a Union decision on the Arbitration Award either never occurred, or its finality was hidden from Mr. Walter.

1

2.    Defendant argues further that the Union Constitution required Mr. Walter to grieve the Arbitration decision within 60 days of its finality. However, Mr. Walter was never given any written indication of a final settlement of the arbitration award that he might file a grievance over the Union's conduct. He received a check from Deere, but he never received from the Union any written documentation of a settlement of the 'make whole' term of the Award, in violation of Article 19, lines 20-25, page 56 of the Union Constitution.

3. By the time Mr. Walter filed suit, on March 5, 2012, the Union had still not tendered any written, requisite indication that the Arbitration Award was finally settled. This placed Mr. Walter into a state of uncertainty. Was it true the Union could do nothing about Deere's seemingly unilateral determination of what would make him 'whole'? If he had rights to have the Union intercede on his behalf, why was the Regional Director of the Union, Mr. Hacker, so hostile to the idea of the Union taking action? Though Mr. Hacker stated the Award had been "settled", this was so vague as to how that occurred that it hardly represented a pronouncement by the Union that the Union had even been involved in Deere's determination of the amount of the Award. Ultimately, it was left unclear whether the Union had been involved in a "settlement of the Award" or not.

4. To this date, without the benefit of discovery, it is yet uncertain as to whether the Union was at all involved in the settlement of the 'make whole' provision of the Arbitration Award. As such, it remains unclear whether Mr. Walter even has a grievance against the Union. Without the Union or Deere producing a written agreement between Deere and the Union, there is no finality of action taken by the Union.

5. Under Defendant's cited authority of *Cortina v. Hotel and Restaurant Employees Union*, 2008 WL 857165 (N.D. Ill.), the question is whether Mr. Walter knew or reasonably should have known that pursuing a grievance before the Union was the appropriate action to take, or that doing so would be futile.

6. In this case, the Union hid the ball. They neither conceded they had settled the Arbitration Award with Deere, nor did they admit Mr. Walter might have a right to file a grievance. Rather, the Union official misdirected Mr. Walter into believing that there was nothing that could be done. Period. Clearly, if this is what the Union did, this would constitute bad faith, along with the rest of the alleged facts in the Amended Complaint.

7. Consequently, the six month limitation period and the exhaustion requirements should be tolled and lifted in this case.

8. In the Alternative, the issue of whether the six month statute of limitation should be tolled in the discretion of this Court and whether the exhaustion requirement should be lifted in the Court's discretion cannot be resolved without discovery to determine what actions were specifically taken by the Union.

WHEREFORE, plaintiff, TOM WALTER, prays this Court will deny Defendant's Motion to Dismiss, or alternatively grant Plaintiff leave to serve discovery on Deere and a subpoena on the Union prior to ruling on the pending Motion, or alternatively to file an amended complaint to reform any deficiencies, and grant what further relief as is equitable and just.

TOM WALTER, Plaintiff,

By: AMES LAW OFFICES

By:   /s/Steven C. Ames
STEVEN C. AMES
ARDC # 6236625

AMES LAW OFFICES
Attorneys for Plaintiff, TOM WALTER
1000 Third Street, P.O. Box 55
Orion, Illinois – 61273
Telephone: (309) 526-3374 Fax (309) 526-8975  sca@mchsi.com